UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THELMA JACKSON, ET AL** | CIVIL ACTION |
| **VERSUS** | |
| **THE NATIONAL CENTER FOR MISSING AND EXPLOITED CHILDREN** | NO.:19-00607-BAJ-EWD |

RULING AND ORDER

Before the Court is Defendant's **Motion to Dismiss (Doc. 8)**. Plaintiffs filed an opposition to the motion (Doc. 10). For the reasons stated herein, Defendant's Motion is **GRANTED**.

I.     BACKGROUND

Plaintiffs are Thelma Jackson and her minor son. Ms. Jackson alleges that her son was kidnapped on June 28, 2018 by his grandmother, Sonja Dumas Jones. (Doc. 1-1 at p. 1). Upon her son's disappearance, Ms. Jackson alleges that she contacted law enforcement officials in several parishes, as well as the Office of the Governor of Louisiana. (Id.). She alleges that she posted information about the disappearance of her son on social media, and a comment from an acquaintance led her to believe that her son had been kidnapped by Jones. (Id.).

Ms. Jackson alleges that she then contacted Defendant, the National Center for Missing and Exploited Children ("NCMEC"), for assistance and that she provided Defendant with all information regarding her son's disappearance, but that

1

Defendant did not act with urgency. Ms. Jackson alleges that her son was retrieved from Jones's custody on July 14, 2018. Ms. Jackson claims that her son was sexually abused and starved while in the custody of Jones and that he continues to suffer damages and injuries from the incident. (Id. at p. 3).

Plaintiffs filed a Complaint on September 13, 2019, alleging that if Defendant's response to the son's disappearance had been more urgent, he would have been found sooner and would not have been harmed. Ms. Jackson further argues that Defendant did nothing to protect her son during his period of abduction and after his return. Plaintiffs seek monetary damages, as well as an order requiring psychological treatment for the son and medical treatment for his injuries. (Doc. 1 at p. 2). Defendant argues for the dismissal of this action, pursuant to Federal Rule of Civil Procedure 12(b)(6), for the failure to state a claim under which relief can be granted. Defendant also argues that it is immune from liability under 18 U.S.C. § 2258D(a); thus, Plaintiffs' suit must be dismissed.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Defendant argues that Plaintiffs have failed to state a cause of action because the Complaint is vague and conclusory. (Doc. 8-1 at p. 1). Defendant further argues that it is statutorily immune from Plaintiffs' lawsuit under federal law. (Id. at p. 4). Congress has statutorily limited the liability of NCMEC under 18 U.S.C § 2258D(a). This statue provides that "a civil claim or criminal charge against NCMEC…arising from the performance of the CyberTipline responsibilities or functions of NCMEC as described in this section, section 2258A or 2258C of this title, or section 404 of the Missing Children's Assistance Act (34 U.S.C. § 11293), or from the efforts of NCMEC to identify child victims may not be brought in any Federal or State court." *Mikhail v. Kahn*, 572 Fed.Appx 68, 73 n.3 (3d Cir. 2014). Defendant asserts that under 34 U.S.C. § 11293(b), "providing assistance to families and law enforcement agencies in locating and recovering missing and exploited children" is one of their functions. (Id.). Defendant argues that since Plaintiffs' claims pertain to one of their core statutory functions, the claims fall within the scope of its statutory immunity. (Id.).

3

Regarding the Defendant's assertion that Plaintiffs have failed to offer well-pleaded facts, as required by Rule 8, the Court agrees. Although Plaintiffs have provided general factual details as to the allegations regarding the son's disappearance, Plaintiffs have failed to sufficiently allege a cause of action against Defendant. Plaintiffs allege that Defendant failed to follow certain protocols but fail to describe what those protocols are or what specifically Defendant failed to do that could have resulted in the son being found sooner. The allegations in the complaint are conclusory and are insufficiently described. Thus, Plaintiffs have failed to state any claims on which the Court may grant the monetary damages and assistance that they seek.

Regarding the Defendant's claim of immunity, the Court finds that even if Plaintiffs' pleadings provided sufficient factual details, the claims must be dismissed because the allegations arise from a core function of Defendant, as described in 18 U.S.C. § 2258D(a). Although it is not sufficiently clear what the exact claims are, it can be easily ascertained that Plaintiffs' claims concern the alleged failure of Defendant to aid in locating and recovering Ms. Jackson's son. As noted, a core statutory function of Defendant is to provide assistance to families and law enforcement agencies seeking the recovery of missing and exploited children, according to 34 U.S.C. § 11293. However, due to those responsibilities, Defendant is imbued with immunity under 18 U.S.C. § 2258D(a). In other words, even if Plaintiffs were permitted to file a well-pleaded amended complaint, such a complaint could not overcome the fact that Plaintiffs' claims concern a function of Defendant for which it

is statutorily immune from suit; therefore, Plaintiffs' action must be dismissed with prejudice.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion (Doc. 8) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' action is **DISMISSED WITH PREJUDICE.**

Baton Rouge, Louisiana, this 20th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**